IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| THEODORE JEMAS AND JOANNE JEMAS, HUSBAND AND WIFE,<br><br>     Plaintiffs,<br><br>          v.<br><br>CITIMORTGAGE, INC., NATIONAL MORTGAGE MITIGATION CO., ABC CORP., and JOHN DOEs 1, 2, 3,<br><br>     Defendants. | Civil No. 12-3807-ES-SCM<br><br>**OPINION AND ORDER ON PLAINTIFFS' MOTION FOR LEAVE TO AMEND THEIR COMPLAINT**<br><br>**[D.E. 15]** |

## INTRODUCTION

Before the Court is plaintiffs Theodore and Joanne Jemas' ("Plaintiffs") motion for leave to amend their Complaint to include two additional counts. [Docket Entry ("D.E.") 15]. Plaintiffs' proposed Count Two[1] is styled as a claim against defendant CitiMortgage, Inc. ("Citi") for failure to pay property taxes. The proposed Count Three appears to be a claim directed at Citi for "Improvident Lending." Plaintiffs also are seeking to add additional factual allegations to their fraud claim- alleging that Citi committed fraud in the factum and in

---

[1] The Court has done its best to decipher Plaintiffs' convoluted and at times unintelligible arguments, allegations and claims as presented via Plaintiffs' submissions to the Court.

the inducement with respect to certain aspects of the loan modification agreement Plaintiffs entered into with Citi.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

On or about April 22, 2012,[2] Plaintiffs filed an eight-count Complaint in the Superior Court of New Jersey, Law Division-Essex County, Docket No. L-3486-12, alleging that defendants CitiMortgage, Inc., National Mortgage Mitigation Co. ("National")[3] and an unidentified business entity captioned as "ABC Corp." and certain unidentified individuals captioned as "John Does" are liable to Plaintiffs for indeterminate monetary damages for Defendants' alleged breach of contract, tortious conduct, intentional infliction of extreme emotional distress, violations of the New Jersey Consumer Fraud Act, *N.J.S.A.* 56:8-1 *et seq.* and for predatory lending. [D.E. 1, Plaintiff's

---

[2] Plaintiffs, in their moving brief, state that this action was originally filed in the Superior Court of New Jersey in Passaic County on or about February 28, 2011 (no Docket No. provided) but was transferred to Essex County under Docket No. ESX-C-91-12 on May 3, 2012.  Plaintiffs have not provided any documents to support these averments and more importantly, the Complaint, as submitted with Citi's Notice of Removal, was signed by Plaintiffs' counsel on April 22, 2012.  Therefore, this Court acknowledges April 22, 2012, as the date that the instant action was filed in the Superior Court.

[3] There is no record of Defendant National Mortgage Mitigation Co. having answered or otherwise responded to Plaintiffs' Complaint. Also, no counsel has entered an appearance on behalf of this defendant.  Therefore, there are no opposition to the instant Motion from this defendant.

Complaint ("Cmplt.")]. Plaintiffs claims against the defendants stem from a mortgage modification agreement entered into between Plaintiffs and Citi, the subject of which being a single-family residence located in Cedar Grove, New Jersey that Plaintiffs used as their primary residence. [D.E. 1, Cmplt. at ¶ 1]. Defendant National advised and assisted Plaintiffs in the process of entering into the afore-mentioned mortgage modification with Citi, for which National received remuneration. [D.E. 1, Cmplt. at ¶ 3].

On June 21, 2012, counsel for Citi filed a Notice of Removal in this Court.[4] [D.E. 1-2, Notice of Removal, (Exhibit B-Declarations of Consent)]. On July 13, 2012, Citi filed a Motion to Dismiss. [D.E. 3, Citi's Motion to Dismiss]. On August 6, 2012, Plaintiffs, without having first obtained leave from this Court, filed an Amended Complaint. [See D.E. 6, Plaintiffs' First Proposed Amended Complaint]. By way of an Order dated August 17, 2012, Plaintiffs were permitted to file a Motion for

---

[4] The Court is not able to determine whether the Notice of Removal is timely because the attached summons as required by 28 U.S.C. § 1446(a), is not dated and other proofs of service are not appended. Also, because Defendant National Mortgage Mitigation Co. has not been served at the time the Notice of Removal was filed, their consent was not required. See Lewis v. Rego Co., 757 F.2d 66, 68 (3d Cir. 1985). However, any procedural defects that Citi's Notice of Removal may suffer from are rendered moot by Plaintiffs' failure to file a timely Motion to Remand pursuant to § 1447(c).

Leave to Amend their Complaint and Defendant's Motion to Dismiss was stayed pending the disposition of the instant motion. [D.E. 12, August 17, 2012 Order].

On August 29, 2012, Plaintiffs filed the instant Motion, seeking leave to amend their complaint. [D.E. 15, Plaintiff Motion for Leave to Amend Complaint ("Pl. Motion")]. Defendant Citi filed a timely opposition to the instant motion. [D.E.17, Defendant Citi's Opposition ("Df. Opp.")]. Plaintiffs did not file a reply to Citi's opposition.

## II.   SUMMARY OF PARTIES' POSITIONS

### A.   Plaintiffs' Moving Position

Plaintiffs seek to amend their complaint to include two claims against defendant Citi (Counts Two and Three of Plaintiffs' Proposed Amended Complaint). In their brief, Plaintiffs allege that Citi obscured the fact that Plaintiffs were responsible for paying property taxes by including this obligation "in an addendum to the Mortgage Modification Agreement" and that Citi "created an escrow account that appeared to be for taxes when, in fact, they do not pay the taxes." [D.E. 15-1, Plaintiffs Proposed Amended Complaint ("Amnd. Cmplt."), ¶¶ 16, 18].

Plaintiffs also allege in their moving brief that Citi

breached a fiduciary responsibility to them and therefore is liable for "improvident lending"[5] [D.E. 15-2, Plaintiffs' Moving Brief ("Pl. Br."), p. 5].

### B. Defendants' Opposition

Citi opposes Plaintiffs' Motion to Amend on the basis that Plaintiffs' undue delay and bad faith coupled with the undue burden that granting Plaintiffs' Motion would place on the Court is adequate grounds for denying the instant Motion. [D.E. 17, Defendant Citi's Opposition Brief ("Df. Br."), p. 1]. Citi also argues that both of Plaintiffs' proposed claims are futile. *Id.*

### III.  DISCUSSION

### B.  Rule 15(a)

Rule 15(a) of the Federal Rules of Civil Procedure, which governs amendments to pleadings, provides, in relevant part:

> (1) Amending as a Matter of Course.  A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) Other Amendments.  In all other cases, a party may amend its pleading only with the opposing party's

---

[5] Plaintiffs' proposed Complaint and brief fail to clearly articulate a recognizable legal theory.  Thus, the Court adopts the term "improvident lending" as means to characterize Plaintiffs allegations against Citi.

> written consent or the court's leave.  The court
> should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).  The federal rules liberally allow for amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits," and provide that if the underlying facts relied upon by a party might be a proper subject of relief, that party should have the opportunity to test its claims on the merits.  *Foman v. Davis*, 371 U.S. 178, 182 (1962) (internal quotations marks omitted).

Under Rule 15, the decision to permit an amendment rests in the sound discretion of the Court.  *See id.*; *Heyl & Paterson Int'l Inc. v. F.D. Rich Hous. of V.I., Inc.*, 663 F.2d 419, 425 (3d Cir. 1981).  The United States Supreme Court has stated that leave to amend under Rule 15 may be denied in cases of: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice; or (4) futility of amendment.  *See Foman*, 371 U.S. at 182; *see also Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) (stating that "[l]eave to amend must generally be granted unless equitable considerations render it otherwise unjust").  Stated differently, absent undue or substantial prejudice, an amendment should be allowed under Rule 15 unless denial can be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by

amendments previously allowed, or futility of amendment. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

Citi opposes Plaintiffs' attempt to add Counts Two and Three of their Proposed Amended Complaint on the basis of futility, undue delay, undue prejudice and bad faith. Each of these arguments will be discussed in turn below.

### a.   Undue Delay & Prejudice

With regard to undue delay, the Court of Appeals for the Third Circuit has stated:

> the passage of time, without more, does not require that a motion to amend a complaint be denied; however, at some point, the delay will become "undue," placing an unwarranted burden on the court, or will become "prejudicial," placing an unfair burden on the opposing party. The question of undue delay, as well as the question of bad faith, requires that we focus on the plaintiffs' motives for not amending their complaint to assert this claim earlier; the issue of prejudice requires that we focus on the effect on the defendants.

*Adams v. Gould, Inc.*, 739 F.2d 858, 868 (3d Cir.1984) (internal citations omitted). *See also Cureton v. NCAA*, 252 F.3d 267, 273 (3d Cir. 2001) (stating that "the question of undue delay requires that we focus on the movant's reasons for not amending sooner"). Furthermore, under Rule 15, leave to amend is generally granted where, during the course of discovery, a party discovers "new evidence." *See e.g., Slade v. Fauver*, No. CIV.A.90-1417, 1990 WL 153960, at *4 (D.N.J. Sept. 24, 1990)

7

(granting leave to amend where new claims were discovered and "proposed amendments had no dilatory purpose and no significant discovery or pretrial preparation had taken place . . . ."); *Kronfeld v. First Jersey Nat'l Bank*, 638 F. Supp. 1454, 1460 (D.N.J. 1986) (granting motion to amend upon discovery of new evidence where it did "not appear that the incidental prejudice is an insufficient ground on which to deny leave to amend, undue delay or undue prejudice support denial).

To determine if a party would be unduly prejudiced, the Court considers whether the amendment will result in additional discovery or costs, or the need to defend against new facts or theories, *Cureton*, 252 F.3d at 273, or an inability to obtain and present evidence that the non-movant would have offered had the amendment been timely. *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989). As the *Long* court observed, to establish undue prejudice, the non-moving party must show that the proposed pleading would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the [non-movant] from bringing a timely action in another jurisdiction." *Long*, 393 F.3d at 400 (adopting the standard of *Block v. First Blood Assocs.*, 988 F.2d 344 (2d Cir. 1993)) (internal quotation marks omitted).

While Plaintiffs' proposed claims fail the futility test, giving this Court sufficient basis for denying the instant Motion, the Court will, nevertheless address the issues of undue delay and prejudice.  Although the instant motion was filed a little more than four (4) months after Plaintiffs filed their initial Complaint, in an effort to afford Plaintiffs all reasonable inferences with respect to time, this Court will look to August 6, 2012,[6] the date Plaintiffs initially attempted to amend their Complaint as the point when Plaintiffs first sought to amend their Complaint. While this date still represents more than a three month delay from the filing of the initial Complaint, because this action was removed to this Court on June 21, 2012, Plaintiff did attempt to amend their Complaint within about six (6) weeks of this action coming before this Court.  As the mere passage of time without more- in this case less than two months after this case was brought before this court- will not by itself justify finding undue delay, the Court is compelled to look to the reasons underlying Plaintiffs' Motion to Amend.

---

[6] There are no facts in the record, nor any facts or circumstances highlighted by Citi in its submissions that support the conclusion that Plaintiffs exercised bad faith in their initial attempt to amend their Complaint without first seeking leave of the Court. Therefore, the Court acknowledges, for temporal purposes, that Plaintiffs first sought to amend their Complaint on August 6, 2012.

The Court has examined Plaintiffs' submissions and has not been able to identify any reason why Plaintiff did not include the proposed claims in their original Complaint. Plaintiffs provide absolutely no explanation for why they failed to include these claims in their original Complaint. Plaintiffs have stated, albeit erroneously, that when they first attempted to amend their Complaint on August 6, 2012, that they were still able to do so as a matter of course pursuant to Rule 15. Their misapprehension of the law aside, Plaintiffs were certainly on notice after being permitted to move for leave to amend that the Rule 15(a) standard for amendment would apply. Nonetheless, Plaintiffs have offered no specific reason why the claims they now seek to add were not included in the original Complaint. Plaintiffs only make reference to the general theory underlying Rule 15 that leave to amend should be freely given in the interest of justice, absent futility, undue delay, substantial prejudice to the opposing party or bad faith as the reason why their Motion should be granted.

Despite the absence of specific reasons for Plaintiffs' failure to include these proposed claims in their original Complaint or to timely amend as a matter of course, this Court hesitates to find undue delay given the relatively short passage of time between removal of this case and Plaintiffs' first

10

attempt to amend their Complaint.  Also, the Court does not perceive that Citi will be unduly prejudiced if these claims are added, given that Citi has not argued that the new claims would cause Citi to incur significant additional discovery costs.[7] Thus, given Citi's lack of support for its undue prejudice and bad-faith arguments, the six (6) week delay by Plaintiffs in attempting to amend their Complaint, while unexplained, does not without more amount to undue delay.  Consequently, the success of Plaintiffs' Motion to Amend will necessarily turn on the issue of futility, discussed below.

> **b.       Futility**

A court will consider an amendment futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck*, 133 F.R.D. 462, 468 (D.N.J. 1990) (internal citations and quotations marks omitted).  In determining whether an amendment is "insufficient on its face," the Court employs the same standard that is applied under a Rule 12(b)(6) motion to dismiss. *Burlington*, 114 F.3d at 1434.  Under a Rule 12(b)(6) analysis, the question before the Court is not whether the

---

[7] It is not clear to the Court how much discovery the parties have engaged in.  Plaintiffs have intimated in their moving papers to their pending Motion to Suppress Defendants that Citi has not exchanged any discovery. [*See* D.E. No. 19-1, Plaintiffs'

11

movant will ultimately prevail, but whether the complaint sets forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).    Detailed  factual  allegations  are  not  necessary  to survive a Rule 12(b)(6) motion, but "a [pleader's] obligation to provide the grounds of his entitlement to relief requires more than labels[,] . . . conclusions, and a formulaic recitation of the  elements  of  a  cause  of  action"  and  demands  that  the "[f]actual  allegations  .  .  .  be  enough  to  raise  a  right  to relief above the speculative level . . . on the assumption that all the allegations in the [pleading] are true (even if doubtful in fact)." *Id*. at 555 (internal quotation marks omitted).

A  two-part  analysis  determines  whether  this  standard  is met.    *Fowler*, 578 F.3d at 210 (interpreting *Ashcroft v. Iqbal*, 556 U.S. 662, 667, 129 S.Ct. 1949).    First, a court separates the factual and legal elements of a claim.    *Fowler*, 578 F.3d at 210.    All well-pleaded facts set forth in the pleading and the contents of the documents incorporated therein must be accepted as true, but the Court may disregard any legal conclusions.    *Id*. at 210; *Iqbal*, 556 U.S. at 667 (noting that a complaint is insufficient if it offers "labels and conclusions," a "formulaic recitation  of  the  elements  of  a  cause  of  action,"  or  "naked

assertions devoid of further factual enhancement") (internal quotations marks and alterations omitted).

Second, a court must determine whether the complaint articulates "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; accord *Fowler*, 578 F.3d at 211. As the Supreme Court instructed in *Iqbal*, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 667. Although this is not a "probability requirement," the well-pleaded facts must do more than demonstrate that the conduct is "merely consistent" with liability so as to "permit the court to infer more than the mere possibility of misconduct" to make a showing of entitlement to relief. *Id*. at 1949-50 (internal quotation marks omitted). This "context-specific task . . . requires the reviewing court to draw on its judicial experience and common sense." *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).

While Rule 8(a) creates a liberal pleading standard that does not require detailed factual allegations, Plaintiffs are required to state facts- which the Court must accept as true at this stage- that are consistent with a legal theory that would

---

Serving Discovery] from serving discovery that Citi has not

entitle them to relief.  Here, neither of Plaintiffs' proposed claims state a legally cognizable theory which would render Citi liable.

Regarding Plaintiffs' claim that Citi breached the Mortgage Modification Agreement by somehow misleading Plaintiffs about their obligations to pay the property taxes on the house they lived in, this claim is belied by Plaintiffs own factual assertions. Plaintiffs' proposed Complaint affirms that there was addendum that both Plaintiffs signed that stated that they were responsible for paying all applicable property taxes. [See D.E. 17-1, Payment Escrow Rider].

It is axiomatic that a person is presumed to understand the contract that s/he signs and therefore is bound by the terms of said contract. *Alexander & Alexander, Inc.* v. Rose, 671 F.2d 771, 77 (3d Cir. 1982). *See also*, 27 Williston on Contracts § 70:113 (4th ed.)( Persons of the age of majority are presumed to know the meaning of words in a contract… and if they enter into an agreement that is not in their own best interests, then they cannot later be heard **to** complain that they were not acquainted with its contents…one having the capacity to understand a written document who then signs it, is bound by the signature). While defenses such as fraud, duress, undue influence and unconscionability may in some instances relieve a party of its

14

contractual obligations, even if Plaintiffs could prevail on its Consumer Fraud claim (Count Eight), such finding would not render Citi liable for breach of the Mortgage Modification Agreement; the agreement would be rendered unenforceable.

Stated differently, if Citi is found to be liable for violations of the New Jersey Consumer Fraud Act, thereby relieving Plaintiffs of their obligations under the agreement, including their obligations to pay the property taxes, Citi's actions would not constitute a breach of the agreement but would instead justify rendering the agreement null.[8]   As such, accepting Plaintiffs factual allegations as true, Count Two of Plaintiffs' proposed Amended Complaint fails to state a valid claim that could render Citi liable.

Count Three of Plaintiffs' Proposed Amended Complaint, which essentially alleges that Citi engaging in improvident lending with Plaintiffs, also fails to state a theory that could render Citi liable. Plaintiffs' claim is based on the false legal premise that Citi, as a lender, owed Plaintiffs, the borrowers, a fiduciary duty. To the Contrary, courts in New Jersey and this Circuit have explicitly resisted the imposition

---

[8] Plaintiffs have not alleged any of the other recognized defense that would prevent enforcement of any otherwise valid contract and even if they did, the analysis would be the same and the fraud analysis: Where a party prevails on an equitable defense,

of a fiduciary duty between lender and borrower, maintaining the traditional relationship between lender and borrower as arms-length contracting parties. *Washington Steel Corp. v. TW Corp.*, 602 F.2d 594, 601 (3d Cir. 1979)(overruled on other grounds by *Clark v. K-Mart Corp.*, 979 F.2d 965 (3d Cir. 1992))*; Bruno v. Collective Fed. Sav. Bank & Loan,* 147 N.J. Super. 115 (App. Div. 1977); *Pennsylvania Nat'l Turf Club, Inc. v. Bank of W. Jersey,* 158 N.J. Super. 196 (App. Div. 1978); *Roth v. First Nat'l State Bank of New* Jersey, 169 N.J. Super. 280 (App. Div.), *certif. denied,* 81 N.J. 338 (1979). As cited in Citi's opposing brief, *In Re Fedders North America, Inc.* specifically addressed the question of whether New Jersey (or Delaware) recognizes a cause of action for improvident lending and that court answered the question with a resounding 'no'. *In Re Fedders North America, Inc.,* 405 B.R. 527, 551-52 (Bankr.D.Del. 2009). Therefore, Count Three of Plaintiffs' proposed Amended Complaint is futile, as Plaintiffs have failed to state a legal cognizable claim.

## CONCLUSION

While this Court declines to find that Plaintiffs were unduly dilatory in moving for leave to amend their Complaint, their motion to amend is nonetheless denied because the proposed

---

the contract is rendered unenforceable, as opposed to the a

claims are futile for failing to state a claim upon which relief can be granted.

   For the foregoing reasons, and good cause shown,

   IT IS on this 28th day of March, 2013,

   **ORDERED** that Plaintiffs' motion to amend their pleading is denied; and it is further

   **ORDERED** that defendants may re-file and serve their motion to dismiss *in lieu* of answer within the time provided by the Federal Rules of Civil Procedure.


                                   s/ *Steven C. Mannion*
                                   **HONORABLE STEVEN C. MANNION**
                                   **UNITED STATES MAGISTRATE JUDGE**

                                   3/28/2013 4:17:10 PM

Date: March 28, 2013

---

party being found to have breached the contract.