<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JEMAS**, *et al*.<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>**CITIMORTGAGE, INC.,** *et al.*,<br><br>　　　　　　Defendants. | Civil Action No. 12-3807 (ES) (JAD)<br><br>OPINION |

**SALAS, DISTRICT JUDGE**

### I.   INTRODUCTION

Plaintiffs Theodore and Joanne Jemas ("Jemas" or "Plaintiffs") allege that Defendant CitiMortgage, Inc. ("Citi" or "Defendant") violated the New Jersey Consumer Fraud Act ("NJCFA") when providing a mortgage modification. Pending before this Court is Citi's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (D.E. No. 47). The Court has considered the parties' submissions and held oral argument on October 6, 2014. Because Plaintiffs' Complaint fails to meet the heightened Rule 9(b) pleading standard, the Court grants Defendant's motion. Plaintiffs' Complaint is dismissed *without prejudice.* Plaintiffs may file an Amended Complaint that cures the deficiencies discussed herein no later than January 26, 2015. Failure to file an Amended Complaint will result in dismissal of the Complaint *with* prejudice.

### II.   FACTUAL & PROCEDURAL BACKGROUND

Plaintiffs are the owners of a single family residence located at 56 Bruce Court, Cedar Grove, NJ 07009 (the "Property"). (D.E. No. 47, Certification of William J. DeSantis ("DeSantis Cert"), Ex. A ("Compl.") ¶ 1). Plaintiffs applied for and received a mortgage and note from Champion Mortgage for the Property on February 22, 2005; the mortgage was later assigned to

Citi on March 9, 2006.  (D.E. No. 47, Memorandum of Law in Support of Defendant CitiMortgage, Inc.'s Motion to Dismiss ("Def. Mov. Br.") at 1).  Plaintiffs defaulted on the mortgage in or around June 2008 and on October 28, 2009, Plaintiffs "worked with and through" defendant National Mortgage Mitigation Co. to obtain a mortgage modification with Citi.  (Compl. ¶¶ 3, 6).   On or about August 18, 2010, Plaintiffs entered into a mortgage modification agreement with Citi in order to resolve their default and bring their loan current.  (Compl. ¶ 2).  Plaintiffs were ultimately unable to afford the terms of the mortgage modification.

Plaintiffs filed a Complaint on April 26, 2012 in the Superior Court of New Jersey, Law Division, Essex County, under Docket No. L-3486-12 alleging various causes of action.  (*See* Compl.).  Citi thereafter timely removed the action to this Court, (D.E. No. 1), and filed a Motion to Dismiss on July 13, 2012, (D.E. No. 3).

On August 6, 2012, Plaintiffs' prior counsel untimely filed an amended complaint.  (D.E. No. 6).  On August 17, 2012, after a telephone conference with the parties, the Court issued an Order permitting Plaintiffs to move for leave to amend their Complaint and staying Citi's motion to dismiss pending a ruling on Plaintiffs' motion for leave to amend.  (D.E. Nos. 11, 12).  Plaintiffs filed their motion for leave to amend on August 29, 2012, (D.E. No. 15), which was denied on March 28, 2013 by the Hon. Steven C. Mannion, U.S.M.J. on futility grounds, (D.E. No. 21).  Judge Mannion simultaneously permitted Defendant to refile their Motion to Dismiss.  (*Id.*).

Before Defendant could refile, however, on April 11, 2013 Plaintiffs' prior counsel "objected" to Judge Mannion's Opinion and Order Denying Leave to Amend.  (D.E. No. 23).  However, Plaintiffs' prior counsel was advised during an April 17, 2013 telephone conference that the "objection" was improperly categorized and filed out-of-time.  Instead, the Court ordered exchange of discovery and advised prior counsel that, after review, Plaintiffs could either (i) seek

2

leave to appeal Judge Mannion's Opinion and Order Denying Leave to Amend, or (ii) seek leave to file an amended complaint.

In violation of the Court's instruction, Plaintiffs prior counsel filed a "second amended complaint" via letter on December 3, 2013, (D.E. No. 31), without first seeking leave to amend or otherwise receiving permission from the Court. On December 19, 2013, Defendant substituted current counsel into the matter. (D.E. No. 33). In addition to refiling the Motion to Dismiss on January 9, 2014, (D.E. No. 36), in accordance with Judge Mannion's prior instructions, (D.E. No. 21), Defendant's new (and current) counsel correctly noted via letter that Plaintiffs' proposed second amended complaint should be disregarded because it was filed without seeking leave of the court. (D.E. No. 37). However, the Court never directly addressed this proposed second amended complaint, (D.E. No. 31), because Plaintiff's prior counsel advised that he was withdrawing from the case around the same time.

Indeed, four days after a February 6, 2014 status conference, (D.E. No. 40), Plaintiffs' prior counsel formally filed a withdrawal motion, (D.E. No. 41), which was granted by this Court on March 21, 2014. (D.E. No. 44). Plaintiffs substituted current counsel into the case on March 24, 2014. (D.E. No. 46).

The Court also administratively terminated the re-filed Motion to Dismiss from January 2014, (D.E. No. 36), and set a new briefing schedule for the motion, at the March 21, 2014 hearing, (D.E. No. 44). Citi refiled the present Motion to Dismiss on March 24, 2014. (D.E. No. 47). Opposition and reply were duly filed thereafter. (D.E. Nos. 49, 52).

In anticipation of oral argument on the Motion to Dismiss, current counsel for both sides submitted a joint letter on September 26, 2014, which provided an updated status on discovery. (D.E. No. 54). According to the letter, there is no outstanding paper discovery. (*Id.*). In fact, Citi

responded to Plaintiffs' interrogatories, requests for admissions, and document requests in June 2013, and re-sent copies to Plaintiffs' prior counsel in November 2013.  (*Id.*).  In addition, no depositions have been taken, and the parties advise that none are expected currently.[1]  (*Id.*).  Furthermore, no experts have been presently identified.  (*Id.*).

The Court held oral argument on October 6, 2014.  During oral argument, the parties stipulated that the operative pleading at issue is the original Complaint, filed by Plaintiffs on April 26, 2012, and that the proposed Amended Complaint, (D.E. No. 31), is moot.  (*See* Transcript of October 6, 2014 Oral Argument ("10/6/14 Tr.") at 2:13–3:5).  Additionally, Plaintiffs' counsel conceded on the record that the only potential claim his clients may have is for violation of the NJCFA.  (*Id.* at 5:19–7:16).  Accordingly, the Court dismissed all other claims in the Complaint with prejudice, (D.E. No. 55), and reserved judgment on the NJCFA claim.  The NJCFA claim is discussed below.

## III.  LEGAL STANDARD

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

---

[1] Plaintiffs noted in their Brief that if their claim survives they will engage an expert on damages. (D.E. No. 49, Memorandum of Law in Opposition to Defendant CitiMortgage, Inc.'s Motion to Dismiss ("Pl. Opp. Br.") at 5 n.1).

"When reviewing a motion to dismiss, '[a]ll allegations in the complaint must be accepted as true, and the plaintiff must be given the benefit of every favorable inference to be drawn therefrom.'" *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (quoting *Kulwicki v. Dawson*, 969 F.2d 1454, 1462 (3d Cir. 1992)). But the court is not required to accept as true "legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Finally, "[i]n deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of the public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

**IV.   DISCUSSION**

    **A.   NJCFA Background**

"The Consumer Fraud Act, N.J.S.A. 56:8-1 *et seq.*, provides a private cause of action to consumers who are victimized by fraudulent practices in the marketplace. . . . The [NJ]CFA is intended to be applied broadly in order to accomplish its remedial purpose, namely, to root out consumer fraud, and therefore to be liberally construed in favor of the consumer." *Gonzalez v. Wilshire Credit Corp.*, 207 N.J. 557, 576 (2011) (internal citations and quotations omitted). A claim pursuant to the NJCFA requires three elements: (1) unlawful conduct; (2) an ascertainable loss; and (3) a causal relationship between the unlawful conduct and the loss. *See Dabush v. Mercedes-Benz USA, LLC*, 378 N.J. Super. 105, 114 (App. Div. 2005).

The NJCFA defines "unlawful practice" as:

any *unconscionable commercial practice*, deception, fraud, false pretense, false promise, *misrepresentation*, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression

> or omission, *in connection with* the sale or advertisement of any merchandise or *real estate* or with the *subsequent performance* of such person as aforesaid . . . .

*N.J.S.A.* 56:8-2 (emphasis added). An unconscionable commercial practice "necessarily entails a lack of good faith, fair dealing, and honesty. The capacity to mislead is the prime ingredient of all types of consumer fraud. Mere customer dissatisfaction does not constitute consumer fraud." *In re Van Holt*, 163 F.3d 161, 168 (3d Cir. 1998) (internal citations and quotations omitted). A misrepresentation "has to be one which is material to the transaction . . . [and] made to induce the buyer to make the purchase." *Castro v. NYT Television*, 370 N.J. Super. 282, 294 (N.J. Super. Ct. App. Div. 2004) (citing *Gennari v. Weichert Co. Realtors,* 148 N.J. 582, 607 (1997)). Additionally, Courts in this Circuit have relied on *Gonzalez v. Wilshire Credit Corp.*, 207 N.J. 557 (2011) to find that mortgage modifications fall within the ambit of the NJCFA, since they constitute the "subsequent performance" of "real estate" within the meaning of the statute. *See, e.g.*, *Laughlin v. Bank of Am., N.A.*, No. 13-4414, 2014 WL 2602260, at *6 (D.N.J. June 11, 2014) ("The loan modification process, from negotiation to the signing of a permanent modification, effectively operates as a subsequent performance on the original mortgage.").

With respect to the second prong—"ascertainable loss"—the plaintiff must "demonstrate a loss attributable to conduct made unlawful by the [NJ]CFA," which is "quantifiable or measurable," and not merely "hypothetical" or "speculative." *Thiedemann v. Mercedes-Benz USA, LLC*, 183 N.J. 234, 246, 248, 252 (2005). However, plaintiffs "need not plead the exact dollar amount of their loss. Instead, plaintiffs must provide enough specificity to give defendants notice of their possible damages." *Giordano v. Saxon Mortg. Services, Inc.*, No. 12-7937, 2014 WL 4897190, at *6 (internal citations omitted).

Finally, the "causal relationship" required by the NJCFA excuses the victim of a fraud from the burden of showing reliance, instead requiring "only proof of a causal nexus between the

[unlawful conduct] and the loss." *See Zorba Contractors, Inc. v. Housing Authority, City of Newark*, 362 N.J. Super. 124, 139 (App. Div. 2003). Indeed, the statute specifically states that liability accrues "whether or not any person has in fact been mislead, deceived, or damaged thereby." *N.J.S.A.*56:8-2.

### B. Analysis

Citi moves to dismiss the NJCFA claim on various grounds. First and foremost, they assert that the claim fails to meet the pleading standard. (Def. Mov. Br. at 10–11). Additionally, Citi argues the NJCFA claim is actually a claim for "improvident lending" instead. (D.E. No. 52, Reply Brief in Further Support of Defendant CitiMortgage, Inc.'s Motion to Dismiss ("Def. Reply Br.") at 3–9). On this point, Citi essentially argues that it has no independent duty to ensure that a proffered mortgage modification is affordable to a homeowner—*i.e.*, it is not unlawful to provide an ultimately unaffordable mortgage modification to a homeowner facing foreclosure. (*See* 10/6/14 Tr. 18:22–19:2).

Plaintiffs aver that the Complaint "though not particularly eloquent, does set forth the necessary elements of a Consumer Fraud Act claim." (Pl. Opp. Br. at 3). Plaintiffs' counsel clarified during oral argument that Plaintiffs' NJCFA claim is essentially premised on the unexplained increase in the balance of the note underlying the mortgage between the time of default and the mortgage modification. (10/6/14 Tr. 27:11–22, 28:8–29:23). However, the Court is bound by the four corners of the Complaint for purposes of this motion. *Frederico v. Home Depot*, 507 F.3d 188, 201–02 (3d Cir. 2007) ("[W]e do not consider after-the-fact allegations in determining the sufficiency of [a] complaint under Rules 9(b) and 12(b)(6)."); *Commw. of Pa. ex. rel Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the

complaint may not be amended by the briefs in opposition to a motion to dismiss.") (internal quotation omitted).

Rule 9(b) requires that "in all averments of fraud or mistake, the circumstances constituting the fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b).  That heightened pleading standard undoubtedly applies to the NJCFA and requires the plaintiff to "state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the precise misconduct with which it is charged." *Frederico*, 507 F.3d at 200 (internal quotation and citation omitted). "To satisfy this heightened standard, the plaintiff must plead or allege the date, time, and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Id.*  "Plaintiff also must allege who made the misrepresentation to whom and the general content of the misrepresentation." *Lum v. Bank of Am.*, 361 F.3d 217, 224 (3d Cir. 2004); *In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 276–77 (3d Cir. 2006) ("Rule 9(b) requires, at a minimum, that plaintiffs support their allegations of fraud with all of the essential factual background that would accompany the first paragraph of any newspaper story—that is, the who, what, when, where and how of the events at issue.") (quotations and citation omitted). "[E]ven when the defendant retains control over the flow of information, 'boilerplate and conclusory allegations will not suffice.  Plaintiffs must accompany their legal theory with factual allegations that make their theoretically viable claim plausible.'" *In re Rockefeller Ctr. Properties, Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1418 (3d Cir. 1997)) (internal citations omitted).

The Court finds that Plaintiffs have not pled their NJCFA claim in accordance with the heightened pleading standard of Federal Rule of Civil Procedure 9.  The Complaint is almost

entirely conclusory and is devoid of the type of particular factual information that would serve "to place the defendant on notice of the precise misconduct with which it is charged." *Frederico*, 507 F.3d at 200.  The NJCFA claim is introduced in Count Six of the Complaint, and Plaintiffs simply allege in conclusory fashion that Citi "directed unconscionable, deceptive, false commercial practices at them[,]" resulting in "ascertainable loss of moneys."  (Compl. ¶ 42, 45).  Notably, Plaintiffs fail to specifically allege a causal relationship in Count Six, as required to state a claim under the NJCFA.  Even when incorporating the preceding allegations in the Complaint,[2] the Court only finds muddled and confusing factual allegations and further conclusory statements of law.  Indeed, Plaintiffs themselves "concede that their complaint was not well written and may not state viable causes of action," (Pl. Opp. Br. at 2), and further describe it as "lacking" and "rambling and nearly incoherent."   (*Id*. at 5, 6).  The Court agrees with Plaintiffs' characterization and notes that the Complaint is practically incomprehensible, falling well short of the precision required by Rule 9(b).

When asked on the record why he did not seek leave to amend, current counsel stated that he thought the Court would have denied the motion, given the convoluted procedural history surrounding this case. (10/6/14 Tr. 10:22–11:17).  Judge Mannion previously denied a motion for leave to amend on futility grounds, but that motion was filed by Platintiffs' prior counsel.  (*See* D.E. No. 21).  Based on the fact that current counsel was able to articulate a new theory of the case that was not explicitly before Judge Mannion, and in the interests of justice, the Court feels compelled to grant Plaintiffs an opportunity to amend their complaint.

---

[2] "Plaintiffs repeat and reallege each and every paragraph of the verified complaint as if set forth at length herein." (Compl. ¶ 41).

## V. CONCLUSION

For the reasons above, Citi's motion to dismiss is granted *without prejudice*. An appropriate order accompanies this opinion.

s/ *Esther Salas*
**Esther Salas, U.S.D.J.**
